IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELIEZER MARTÍNEZ-ROSADO,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 05-1366 (SEC)
(CRIMINAL 03-103 (SEC))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. INTRODUCTION

On April 5, 2005, petitioner Eliezer Martínez-Rosado filed the instant motion to vacate his sentence or set aside judgment pursuant to 28 U.S.C. § 2255. (Docket No. 1.) The above petition is grounded on a claim of ineffective assistance of counsel, namely, that trial counsel did not request a role adjustment under USSG § 3B1.2 for being a minor participant in the enterprise subject of the indictment.

II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged on April 9, 2003 in a one-count indictment with aiding and abetting Javier Martínez-Rosado (his brother) in knowingly, intentionally, unlawfully possessing with intent to distribute five kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, all in violation of Title 18 U.S.C. § 2, and Title 21 U.S.C. § 841(a)(1). (The amount actually involved was in excess of 1,200 kilos.) He pleaded guilty on November 21, 2003 pursuant to Rule

CIVIL 05-1366 (SEC)                                        2
(CRIMINAL 03-103 (SEC))


11(c)(1)(B), Federal Rules of Criminal Procedure, and as part of a plea agreement made himself responsible for between 3.5 and 5 kilograms of cocaine. An extensive colloquy was conducted before the Honorable Aida Delgado Colón, United States Magistrate Judge. On April 16, 2004, petitioner was sentenced to 96 months imprisonment, plus a term of supervised release of five years and a $100 monetary assessment.

Having considered the memoranda of the parties, and having reviewed the record and pertinent transcript, I recommend that the petition to vacate sentence be denied as clearly meritless.

### III.  DISCUSSION

Under section 2255 of Title 28 of the United States Codes, a federal prisoner may move for post-conviction relief if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; or (2) the court was without jurisdiction to impose such a sentence; or (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The burden is on the petitioner to show his entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (citing United States v. McGill, 11

CIVIL 05-1366 (SEC)                                   3
(CRIMINAL 03-103 (SEC))

F.3d 223, 225 (1st Cir. 1993)). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "'is conclusively refuted as to the alleged facts by the files and records of the case.'" United States v. McGill, 11 F.3d at 226 (citations omitted). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" Id. (citations omitted).

### A. Ineffective Assistance of Counsel

There is no controversy that a prisoner in custody under a federal sentence may move under section 2255 to vacate, set aside or correct a sentence imposed in violation of the Constitution of the United States. Daniels v. United States, 532 U.S. 374, 377 (2001). A claim of ineffective assistance of counsel is, without question, one such constitutional violation that may be raised by way of a 2255 motion. See United States v. Kayne, 90 F.3d 7, 14 (1st Cir. 1996). To be successful in an ineffective assistance of counsel challenge, a petitioner must allege that the deficiencies in the performance of trial counsel assumed unconstitutional dimensions. Barrett v. United States, 965 F.2d 1184, 1193 (1st Cir. 1992). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the

CIVIL 05-1366 (SEC)                              4
(CRIMINAL 03-103 (SEC))

trial cannot be relied on as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). The Court in <u>Strickland</u> established that the determination of whether an attorney's performance require the reversal of a conviction or sentence must be resolved applying a two-prong test. <u>Id.</u> at 687. First, petitioner must show that counsel's performance was deficient by in turn "showing that counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> Second, it must be shown that petitioner was prejudiced by such deficient performance. <u>Id.</u> In order to establish a deficient performance, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 688. To show prejudice, on the other hand, petitioner has to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694; <u>González-Soberal v. United States</u>, 244 F.3d 273, 278 (1st Cir. 2001). Accordingly, and with the above standard in mind, I analyze petitioner's contention.

The Supreme Court has noted that in the context of a challenged representation, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." <u>Strickland v. Washington</u>, 466 U.S. at 690. Because of the wide range of tactical decisions that a criminal defense attorney may be presented with in any given trial, judicial scrutiny

CIVIL 05-1366 (SEC)                                5
(CRIMINAL 03-103 (SEC))

of the attorney's performance must be "highly deferential" and indulge a strong presumption that the challenged action "might be considered sound trial strategy." Id. at 689. Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight...." Id.

It is clear that, notwithstanding the fact that ineffective assistance of counsel raises constitutional concerns, this matter does not reach the level of constitutional consequence and it is equally clear that there is no cause and prejudice, the required two-prong Strickland test, in the failure of defense counsel to have objected to an enhancement.

The defendant was sentenced to 96 months in prison. The severity of the offense is evident. If the petitioner would have been convicted in accordance with the amount of drugs seized, that is, over 1,200 kilograms of cocaine, he could have been subjected to a minimum mandatory term of imprisonment of 120 months and a maximum term of life. According to the terms of the plea agreement, he was held responsible for at least 3.5 kilograms but less than 5 kilograms of cocaine. He received a three-level reduction for acceptance of responsibility. Notwithstanding petitioner's argument in his motion, this case does not reach the two-prong Strickland test in either the cause or prejudice modality. The detail of a sentencing enhancement such as this is rarely if ever subject matter appropriate for the type of collateral attack which is before the court. No jury was involved in this case since

CIVIL 05-1366 (SEC)                           6
(CRIMINAL 03-103 (SEC))

petitioner pleaded guilty as the result of an agreement which considerably lowered his exposure and which generally and greatly favored him, as opposed to the results of trial, which he always had the option of choosing. Indeed, the petitioner was sentenced within the terms of the plea agreement. In short, he got what he bargained for.

Petition cites extensively from United States v. Shonubi, 998 F.2d 84 (2nd Cir. 1997) to convince the court that he was just a driver in this criminal venture. I cite from Shonubi. "A sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon 'the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" Id. at 90 (quoting United States v. García, 920 F.2d 153, 155 (2d Cir. 1990)). The court went on to note: "A defendant's courier status does not entitle him automatically to the benefit of the minor and minimal role adjustments.... A sentencing court is not bound to accept defendant's self-serving characterizations of his role in an offense. It is not defendant's exact role or status in the criminal activity that necessarily decides this question; rather, it is an assessment of defendant's culpability in the context of all the circumstances." Id. (citations omitted). Shonubi went to trial in front of the Honorable Jack Weinstein

CIVIL 05-1366 (SEC)                                   7
(CRIMINAL 03-103 (SEC))

in Brooklyn. Petitioner here pleaded guilty to responsibility for a considerably lesser amount of drugs than he was involved in.

## IV.  CONCLUSION

When viewed in hindsight, a number of strategic and tactical decisions may seem inadequate.  Petitioner focuses on one.  The evaluation of an attorney's performance during the trial process is more often than not clouded by the effects of a bad outcome.  High deference must be given to an attorney's decisions.  A reviewing court should not second guess trial counsel's representation absent a clear demonstration of deficient performance and prejudice to the defendant.  The plea agreement and sentencing were the product of bargain where both parties obtain and give up things.  The role of minor participant was not addressed, very possibly because the government had been generous enough, or because petitioner could not necessarily be considered a minor participant.  Because I find that petitioner has failed to satisfy the heavy burden imposed on him to show ineffective assistance of counsel, his sentence should not be disturbed.  I recommend that petitioner's motion be summarily DENIED in its entirety, without an evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this

CIVIL 05-1366 (SEC)                                         8
(CRIMINAL 03-103 (SEC))

report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 21st day of June, 2005.

                             S/ JUSTO ARENAS
                     Chief United States Magistrate Judge